**UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **MICHAEL LANGSTON,** | § § § | Case No.: |
| Plaintiff, | § § | |
| v. | § § | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **ACE CASH EXPRESS, INC.,** | § § § | |
| Defendant. | § § § § | **(Unlawful Debt Collections Practices)** |

## COMPLAINT

MICHAEL LANGSTON ("Plaintiff"), by and through his counsel, Kimmel & Silverman, P.C., alleges the following against ACE CASH EXPRESS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Texas and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing Dallas, Texas.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a lender with its principal place of business located at 1235 Greenway Drive, Suite 600, Irving TX 75038.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that he has had for over a year.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning in or before April 2016, and continuing through July 2016, Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis.

13. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Plaintiff knew that Defendant as using an automatic telephone dialing system and automatic and/or pre-recorded messages as Defendant's calls began with a pre-recorded message before Plaintiff was transferred to a live caller.

15. Defendant's telephone calls were not made for "emergency purposes."

16. In April 2016, Plaintiff revoked any consent previously given to Defendant to place telephone calls to his cellular telephone number.

17. Despite the above, Defendant persisted in calling Plaintiff on his cellular telephone through July 2016.

18. Once Defendant knew its calls were unwanted any further calls served no lawful purpose.

19. Defendant's phone calls became so aggravating and bothersome that Plaintiff began to block calls using a cellular phone application.

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

20. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

22. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

23. Defendant's calls to Plaintiff were not made for emergency purposes.

24. Defendant's calls to Plaintiff, after April 2016, were not made with Plaintiff's prior express consent.

25. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

26. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

27. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, MICHAEL LANGSTON, respectfully prays for judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c.    Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

    e.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MICHAEL LANGSTON, demands a jury trial in this case.

Respectfully submitted,

Dated: May 24, 2017

By: /s/ Amy L. B. Ginsburg
Amy L. B. Ginsburg, Esquire
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: agsinrbug@creditlaw.com